OPINION
Shortly after 11:00 p.m. on April 16, 1998, police observed appellant, Jamie R. Gonzales, standing outside an apartment building, looking into a lower level window and allegedly masturbating. Appellant was arrested and charged with one count of voyeurism, in violation of R.C. 2907.08 and one count of criminal trespass, in violation of R.C. 2911.21(A)(1).
Following a bench trial, the court granted appellant's motion for acquittal as to the criminal trespass charge, but ultimately found him guilty of voyeurism. Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR VOYEURISM AND AS SUCH THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY DENYING DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL."
In arguing that the trial court erred when it failed to grant the Crim.R. 29 motion to acquit, appellant contends that the state did not provide any evidence of a specific person whose privacy was invaded — an essential element, according to appellant, of criminal voyeurism. A trial court will grant a motion for acquittal pursuant to Crim.R. 29 only if the evidence is such that reasonable minds would not reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. See State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. Circumstantial evidence has the same probative value as direct evidence, and a conviction can be sustained on circumstantial evidence alone. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus; see, also, State v.Nicely (1988), 39 Ohio St.3d 147, paragraph one of the syllabus;
R.C. 2907.08(A) provides that:
 "No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another, to spy or eavesdrop upon another."
It has been held that merely looking into an apartment window while masturbating is sufficient evidence to support a conviction for voyeurism. See State v. Huff (Feb. 12, 1988), Tuscarawas App. No. 87AP090070, unreported.
In the present case, police testified that appellant "would look in the window, look over his shoulder, walk, kind of pace, stand around the corner and then again, kneel down, look in, look around to see if anybody was * * * watching or going to walk up on him." The officers testified that while appellant looked "on and off" through the blinds on both sides of the apartment window, he appeared to unzip his pants and perform masturbating motions in his crotch area. In our view, a reasonable inference to be drawn from these facts is that appellant was looking into another person's private living quarters for the purpose of sexually arousing or gratifying himself.
Additionally, the identity of the person in the apartment or even the actual presence of anyone in the apartment is irrelevant, since the privacy of that person would still have been invaded by appellant's peering in through the window. Therefore, we conclude that the evidence was such that reasonable minds could have reached different conclusions as to whether each material element of a crime had been proved beyond a reasonable doubt. As a result, the trial court properly denied appellant's motion for acquittal.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Bowling Green Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
James R. Sherck, J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.